Kevin A. Lipeles (Bar No. 244275)
    *kevin@kallaw.com*
Thomas H. Schelly (Bar No. 217285)
    *thomas@kallaw.com*
Andrew T. Magaline (Bar No. 290413)
    *atmagaline@atmesq.com*
LIPELES LAW GROUP, APC
880 Apollo Street, Suite 336
El Segundo, California 90245
Telephone: (310) 322-2211
Fax: (310) 322-2252

Attorneys for Plaintiff,
Daniel Turner

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Daniel Turner, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>City of Los Angeles; Officer Stephanie Johnigan; Officer Veronica Padilla; Officer Antonio Ramirez; Officer Lidia Leon; Officer Gloria Velez; Officer Juan Gonzalez; and DOES 1-10,<br><br>　　　　Defendants. | Case No.<br><br>COMPLAINT |

## COMPLAINT FOR DAMAGES

Plaintiff Daniel Turner, for his Complaint against Defendants City of Los Angeles, Stephanie Johnigan, Veronica Padilla, Antonio Ramirez, Lidia Leon, Gloria Velez, Juan Gonzalez, and DOES 1 - 10, inclusive, alleges as follows:

### INTRODUCTION

1. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the officer-involved use of force upon Plaintiff DANIEL TURNER ("TURNER") on March 22, 2017.

## PARTIES

2. At all times herein mentioned, Plaintiff TURNER was a United States Citizen over the age of eighteen individual residing in Los Angeles County, California.

3. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant CITY OF LOS ANGELES ("CITY") was a municipal corporation and a duly organized governmental agency that is regulated, controlled, and governed by the County of Los Angeles, State of California.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant CITY was the employer of Defendants STEPHANIE JOHNIGAN #35017 ("JOHNIGAN"), VERONICA PADILLA #38061 ("PADILLA"), ANTONIO RAMIREZ #35385 ("RAMIREZ"), LIDIA LEON #41499 ("LEON"), GLORIA VELEZ #41385 ("VELEZ"), JUAN GONZALEZ #37178 ("GONZALEZ"), and DOES 1-5 ("DOE OFFICERS") who were City of Los Angeles Police Department officers, and DOES 6-10, who were managerial, supervisorial, and policy making employees of CITY. At all relevant times, Defendants were residents of Los Angeles County, California, and were working generally in the City of Los Angeles, California. JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOES 1-10 were employed by Defendant CITY and were acting within the course and scope of their employment with Defendant CITY and with authority as such agents and employees and with the consent and ratification of their co-Defendants and CITY.

5. At all relevant times, Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS were duly authorized employees of agent of the CITY, who were acting under the color of law within the course and scope of their respective duties as Los Angeles Police Department officers and with complete authority and ratification of their principal, Defendant CITY.

COMPLAINT

2

6. At all relevant times, Defendants DOES 6-10 were duly appointed supervising police officer and/or employees or agents of the CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

7. The true names and capacities, whether corporation, associate, individual, or otherwise, of Defendants DOES 1-10 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is negligently or otherwise legally responsible in some manner for the evens and happenings herein referred to, and caused injuries and damages proximately thereby to Plaintiff, as herein alleged. Plaintiff will ask leave of Court to amend this Complaint to show their names and capacities when they have been ascertained.

8. At all times herein mentioned, Defendants were the agents, servants, and employees of each other, and at all times relevant hereto were acting within the course and scope of their authority as agents, servants, and/or employees and acting on the implied and actual permission and consent of the CITY.

## JURIDSICTION AND VENUE

9. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 USC §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 USC §§ 1331, 1343. This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 USC § 1367.

10. Venue is proper in this Court under 28 USC § 1391(b) because Plaintiff and Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, State of California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. Plaintiff repeats and realleges each of the allegations set forth above.

12. On March 22, 2017, Plaintiff TURNER was walking in the general vicinity of the intersection of Third Street and Hill Street in the City of Los Angeles.

13. While Plaintiff was crossing the street, Officer David Kong (#27512) and his partner, Defendant JOHNIGAN, exited their patrol vehicle and approached Plaintiff. Without justification, Officer David Kong grabbed both of Plaintiff's wrists.

14. During the incident, Plaintiff was unarmed and at no time during the incident did he verbally threaten or attempt to punch, kick, or grab Officer Kong or Defendant JOHNIGAN, or any other person.

15. Plaintiff was confused by Officer Kong's actions and pulled his hands away from the officer. Then Officer Kong shoved Plaintiff up against a vehicle while maintaining control of Plaintiff. Then Officer Kong placed his right hand around Plaintiff's Torso while maintaining control of Plaintiff's left hand. Officer Kong then lifted Plaintiff and slammed Plaintiff on the ground. Officer Kong used the ground and his body weight to maintain control of Plaintiff.

16. Plaintiff was confused and did not know what was happening. Plaintiff was frightened and he grabbed onto a metal tree grate while trying to pull away from Officer Kong. Plaintiff repeatedly begged Defendants "what was going on" and to "please tell [him] what was happening," and asked "why won't anybody talk to [him]," but Defendants did not give Plaintiff any verbal commands or tell Plaintiff why Defendants were attacking Plaintiff.

17. Without justification or warning, Defendant JOHNIGAN deployed her Taser in dart mode into the back of Plaintiff's legs. Plaintiff cried out in pain while JOHNIGAN activated the Taser for 5 seconds.

18. Six seconds later, even though Plaintiff posed no immediate threat to Officer Kong or Defendant JOHNIGAN or any other person, JOHNIGAN activated her Taser a second time for 5 seconds, and Plaintiff cried out in pain. JOHNIGAN gave no warning that she was going to deploy her Taser for the second time.

19. Immediately after, JOHNIGAN deployed her Tazer a third time, in drive-stun mode, for 5 seconds against the exposed skin of Plaintiff's lower back, and

Plaintiff cried out in Pain. JOHNIGAN gave no warning that she was going to deploy her Taser for the third time.

20. Then Defendants PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ arrived and all the Defendants continued to use force against Plaintiff's person even though Defendants had control of Plaintiff at all times.

21. Defendants maintained control of Plaintiff's right hand, and control of Plaintiff's legs by sitting on Plaintiff's legs. Despite having control of Plaintiff, Defendants continued to use force against Plaintiff and placed knees on Plaintiff's back while others deployed hobble straps to tie Plaintiff's legs together.

22. While the other Defendants had control of Plaintiff's right hand and his body, Defendant JOHNIGAN continued to deploy her Taser in drive-stun mode against Plaintiff's person an additional eight times – each time without giving Plaintiff any orders or warnings. Other Defendants were encouraging JOHNIGAN to repeatedly deploy her Taser against Plaintiff.

23. Each of the eleven times that Defendant JOHNINGAN deployed her Taser against Plaintiff, JOHNIGAN failed to give Plaintiff any warning that JOHNIGAN was going to use the Taser.

24. Further, during each of the eleven times that JOHNIGAN deployed her Taser against Plaintiff, JOHNIGAN knew Plaintiff was unarmed and did not perceive Plaintiff to be a threat to the safety of JOHNIGAN or any other Defendant, or any other person.

25. As a direct result of Defendants and Officer Kong's, unjustified and continued and repeated uses of force against Plaintiff, and as a direct result of JOHNIGAN's unjustified use of her Taser eleven times without warning, Plaintiff experienced severe pain from electricity running through his body, and suffered other severe physical and emotional injuries that required medical attention.

26. On or about September 21, 2017, pursuant to Government code section 910, Plaintiff presented a Government Tort Claim to the City of Los Angeles in full

1  and timely compliance with the California Tort Claim Act. On or about October 24,
2  2017, Plaintiff's Government Tort Claim was rejected. Plaintiff's state law claims
3  against Defendants are timely filed.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Excessive Force (42 USC § 1983)
### (Against Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS)

27. Plaintiff TURNER repeats and realleges each of the allegations set forth above.

28. Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS unjustified use of a Taser, body weight, and other pain compliance measures deprived TURNER of his right to be secure in his person against unreasonable searches and seizures as guaranteed to TURNER under the Fourth Amendment to the United States Constitution as applied to state actors by the Fourteenth Amendment.

29. As a result of the foregoing, TURNER suffered serious physical and emotional injuries.

30. The uses of force were excessive and unreasonable, especially because TURNER was unarmed and Defendants perceived no immediate threat of death of serious bodily injury at the time of the uses of force.

31. The conduct of Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of TURNER, and therefore warrants the imposition of exemplary and punitive damages as to individual Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS.

32. As a result of their misconduct, Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS are liable for

1 TURNER's injuries, either because they were integral participants in the excessive uses of force, or because they failed to intervene to prevent these violations.

33. Plaintiff also seeks attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 USC § 1983)

### (Against Defendants CITY and DOES 6-10)

34. Plaintiff TURNER repeats and realleges each of the allegations set forth above.

35. Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS acted under color of law.

36. The acts of Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS deprived Plaintiff of his particular rights under the United States Constitution.

37. Upon information and belief, a final policy maker, acting under color of law, who had final policymaking authority concerning the acts of Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS, ratified (or will ratify) Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS' acts and the bases for them. Upon information and believe, the final policymaker knew of and specifically approved of (or will approve of) Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS' acts.

38. Upon information and believe, a final policy maker has determined (or will determine) that the acts of Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS were "within policy."

39. By reason of the aforementioned acts and omissions, Plaintiff was injured, the aforementioned acts and omissions also cause Plaintiff's injuries.

40. Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 USC § 1983.

41. Plaintiff seeks attorney's fees under this claim.

## THIRD CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 USC § 1983)

### (Against Defendants CITY and DOES 6-10)

42. Plaintiff TURNER repeats and realleges each of the allegations set forth above.

43. Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS acted under color of law.

44. The acts of Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS deprived Plaintiff of his particular rights under the United States Constitution.

45. The training policies of Defendant CITY were inadequate to train its officers to handle the usual and recurring situation with which they must deal.

46. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

47. The failure of Defendants CITY to provide adequate training caused the deprivation of Plaintiff's rights by Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS that is, the defendants' failure to train is so closely relate to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

48. By reason of the aforementioned acts and omissions, Plaintiff was injured. The aforementioned actions and omissions also caused Plaintiff's injuries.

49. Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 USC § 1983.

50. Plaintiff also seeks attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy (42 USC § 1983)

### (Against Defendants CITY and DOES 6-10)

51. Plaintiff TURNER repeats and realleges each of the allegations set forth above.

52. Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS acted under color of law.

53. Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

54. On information and belief, Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS were not disciplines, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's injuries.

55. Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

   a. Using excessive force, including repeated use of electronic control devices;
   b. Providing inadequate training regarding the use of force and the repeated use of electronic control devices;
   c. Employing and retaining as officers individuals such as Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS whom Defendant CITY at all time material herein know or reasonable should have known had dangerous propensities for abusing their authority and for using excessive force;
   d. Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS, whom Defendant CITY knew or in the exercise

of reasonable care should have known had the aforementioned propensities and character traits;

e. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by CITY officers;

f. Failing to adequately discipline CITY officers for the above referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

g. Announcing that unjustified and excessive uses of force, including repeated use of electronic control devices are "within policy" including uses of force that were later determined in court to be unconstitutional;

h. Even where uses of force are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

i. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," blue wall," "blue curtain," "Blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

j. Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police uses of excessive force, including but not limited to excessive uses of electronic control devices, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in the excessive uses of force against unarmed people.

56. By reason of the aforementioned acts and omissions of Defendants CITY and DOES 6-10, Plaintiff was injured.

57. Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

58. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and callous disregard for the life of Plaintiff and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

59. On information and belief, the aforementioned acts were willful, wanton, malicious, and oppressive thereby justifying the awarding of exemplary and punitive damages as to DOE SUPERVISORS.

60. Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 USC §1983.

61. Plaintiff also seeks attorney's fees under this claim.

### FIFTH CLAIM FOR RELIEF

**Battery**

**(Against Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS)**

62. Plaintiff TURNER repeats and realleges each of the allegations set forth above.

63. At the time and place herein above alleged, Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ and DOE OFFICERS without just and legal cause, used excessive and unreasonable force upon Plaintiff's person, including but not limited to the deployment of a Taser electronic control device, at least eleven times for an aggregate in excess of 50 seconds, use of excessive body weight restraint, and the unnecessary use of hobble straps, thereby causing Plaintiff severe pain and suffering, apprehension, and emotional distress, and placed him in immediate fear for his life.

64. Said harmful and offensive contact was intentionally committed by said Defendants and was willful, wanton, malicious, and oppressive thereby justifying the awarding of exemplary and punitive damages as to each of these individual Defendants.

65. Said battery and/or batteries was/were not privileged, was/were not consented to by Plaintiff, and was/were the proximate cause of the injuries complained of herein.

66. Defendant CITY is vicariously liable for the wrongful acts of Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries cause by its employees within the scope of the employment if the employee's act would subject him or her to liability.

67. The conduct of Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff TURNER's rights, entitling him to an award of exemplary and punitive damages.

### SIXTH CLAIM FOR RELIEF

**Negligence**

**(Against Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS)**

COMPLAINT

68. Plaintiff TURNER repeats and realleges each of the allegations set forth above.

69. The actions of Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ and DOES 1-5 were negligent and reckless, including but not limited to:

    a. The failure to properly and adequately assess the need to detain, arrest, and use force, excessive force, and/or intermediate force against Plaintiff TURNER;

    b. The negligent tactics and handling of the situation with TURNER, including pre-arrest or pre-detention negligence;

    c. The negligent use of force, including deadly and/or intermediate force against TURNER;

    d. The failure to properly train and supervise employees, both professional and non-professional, including Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ and DOE OFFICERS;

    e. The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the need of and protect the rights of TURNER;

    f. The negligent handling of evidence and witnesses; and

    g. The negligent communication of information during the incident.

70. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff TURNER was cause to suffer severe pain and suffering.

71. Defendant CITY is vicariously liable for the wrongful acts of Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, DOE OFFICERS, and DOES 6-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries cause

by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SEVENTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 52.1

### (Against Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS)

72. Plaintiff TURNER repeats and realleges each of the allegations set forth above.

73. California Civil Code section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

74. On information and belief, Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ and DOE OFFICERS, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against TURNER, including by repeatedly deploying a Taser to his person at least eleven times and for an aggregate in excess of 50 seconds, and employing body weight control methods, and deploying a hobble strap, without justification or excuse, by integrally participating and failing to intervene in the above violence.

75. Defendants commission of the above references acts interfered with Plaintiff's civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to be free from state action that shock the conscience, and to life, liberty, and property.

76. On information and belief, Defendants intentionally and spitefully committed the above acts to discourage Plaintiff from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

77. On information and belief, Plaintiff reasonably believed and understood that the violent acts committed by Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS were intended to discourage Plaintiff from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

78. Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS successfully interfered with the above civil rights of Plaintiff.

79. The conduct of Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

80. Defendant CITY is vicariously liable for the wrongful acts of Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

81. Defendant DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

82. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, justifying an award of exemplary and punitive damages as to Defendants JOHNIGAN, PADILLA, RAMIREZ, LEON, VELEZ, GONZALEZ, and DOE OFFICERS.

83. Plaintiff seeks attorney's fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants City of Los Angeles, Stephanie Johnigan, Veronica Padilla, Antonio Ramirez, Lidia Leon, Gloria Velez, Juan Gonzalez, and DOES 1 - 10, inclusive, as follows:

A. For compensatory damages under federal and state law, in an amount to be proven at trial;

B. Medical expenses and loss of earnings;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of the suit and attorneys' fees; and

F. For such further and other relief as the Court may deem just, proper, and appropriate.

DATED: April 23, 2018

RESPECTFULLY SUBMITTED,
**LIPELES LAW GROUP, APC**

By: _____
Thomas H. Schelly, Esq.
Attorneys for Plaintiff,
Daniel Turner

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: April 23, 2018

RESPECTFULLY SUBMITTED,
**LIPELES LAW GROUP, APC**

By: _____
Thomas H. Schelly, Esq.
Attorneys for Plaintiff,
Daniel Turner