Eugene P. Ramirez (State Bar No. 134865)
  *epr@manningllp.com*
Lynn Carpenter (State Bar No. 310011)
  *llc@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, OFFICER
STEPHANIE JOHNIGAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANIEL TURNER, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF LOS ANGELES; OFFICER STEPHANIE JOHNIGAN; OFFICER VERONICA PADILLA; OFFICER ANTONIO RAMIREZ; OFFICER LIDIA LEON; OFFICER GLORIA VELEZ; OFFICER JUAN GONZALEZ; and DOES 1-10,<br><br>    Defendants. | Case No. 2:18-CV-3405-DDP(KSx)<br><br>[The Hon. Dean D. Pregerson, Magistrate, Karen L. Stevenson]<br><br>~~**STIPULATION FOR ENTRY OF**~~ **PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**<br><br>Complaint Filed:  04/23/18<br>Sched. Conf.:      08/27/18 at 1:30 p.m. |

      **Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Amended Stipulation for Protective Order filed on November 26, 2018, the terms of the protective order to which the parties have agreed are adopted as a Protective Order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 1A, 2.3, 2.5, 2.7, 3, 5.1, 5.2, 5.3, 5.4. 6.3, 6.4, 7.1, 7.2, 7.3, 7.4, 7.5, 8, 9.1, 9.2, 10.2, 11, 12.1, and 12.2.**

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

## TO THE HONORABLE COURT:

By and through counsel of record in this action, DANIEL TURNER, ("Plaintiff"), and defendants CITY OF LOS ANGELES and OFFICERS VERONICA PADILLA, ANTONIO RAMIREZ, LIDIA LEON, GLORIA VELEZ, and JUAN GONZALEZ; and OFFICER STEPHANIE JOHNIGAN (together "Defendants") hereby stipulate and respectfully request that the Court enter a protective order re confidential documents in this matter [and pursuant to Fed. R. Civ. P. 5.2, 7, and 26, as well as U.S. Dist. Ct., C.D. Cal., Local Rules 7-1 and 52-4.1; and any applicable Orders of the Court] – as follows:

## GOOD CAUSE STATEMENT

## 1.    GOOD CAUSE STATEMENT.

This action is likely to involve confidential peace officer personnel file documents, internal agency evaluative/investigative documents, plaintiff's medical and/or psychotherapeutic records, as well as personal identifying information of third party witnesses (i.e. addresses, telephone numbers, etc.), for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.   Such confidential and proprietary materials and information consist of, among other things, personnel file information, agency decision-making, deliberative process, and internal evaluation/analysis; plaintiff's confidential medical and/or psychotherapeutic treatment information; and personal identifying information of any third party witnesses, otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes,

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## A. ~~PURPOSES AND LIMITATIONS.~~ **PURPOSES AND LIMITATIONS.**

The parties acknowledge that this ~~Stipulation and associated~~ **Protective** Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the specified information or items that are entitled to treatment as confidential.

The parties further acknowledge, as set forth below, that this ~~Stipulation and~~ **Protective** Order creates no entitlement to file confidential information under seal, except to the extent specified herein; Central District Local Rules 79-5.1 and 79-5.2 set(s) forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

Nothing in this ~~Stipulation or associated and~~ **Protective** Order shall be construed so as to require or mandate that any Party disclose or produce privileged information or records that could be designated as Confidential Documents/Protected Material hereunder.

## 2. DEFINITIONS.

2.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, agents, consultants, retained experts, house counsel and outside counsel

(and/or the support staff thereof).

2.2.   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced – or generated in disclosures or responses to discovery – by any Party in this matter.

2.3.   "Confidential" Information or Items:  information (regardless of the medium or how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c) and/or applicable federal privileges **and as specified above in the Good Cause Statement**.  This material includes, but is not limited to, medical records, psychotherapeutic records, and autopsy photographs; as well as peace officer personnel records as defined by California Penal Code sections 832.8, 832.5, 832.7 and the associated case law; and other similar confidential records designated as such.

2.4.   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party, including a Party that has noticed or subpoenaed and is taking a deposition or comparable testimony.

2.5.   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action, including a Party that is defending a deposition noticed or subpoenaed by another Party; additionally, for the limited purpose of designating testimony subject to this ~~Stipulation and~~ **Protective** Order pursuant to section 6.2(b) (*infra*), a "Producing Party" shall also be construed to include a Party that is attending and/or participating in a non-party deposition noticed/subpoenaed by another Party.

2.6.   Designating Party:  a Party or non-party public entity employer of a Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7.   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" under the provisions of this ~~Stipulation and~~

Protective Order.  (The term "Confidential Document" shall be synonymous with the term "Protected Material" for the purposes of this ~~Stipulation and~~ ~~any associated~~ Protective Order.)

2.8.   <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs).

2.9.   <u>House Counsel</u>:  attorneys who are employees of a Party (as well as their support staffs).

2.10.   <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11.   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's; as well as any person retained, designated, or disclosed by a Party as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2) or other applicable discovery Rules or statutes.

2.12.   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; and/or organizing, storing, retrieving data in any form or medium; etc.); and their employees and subcontractors.

**3.      <u>SCOPE OF PROTECTION.</u>**

The protections conferred by this ~~Stipulation and its associated~~ **Protective** Order cover not only Protected Material/Confidential Documents (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this ~~Stipulation and its associated~~ **Protective** Order do *not* cover the following information: (a) any information that is in

the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Except to the extent specified herein (if any), any use of Protected Material at trial shall **not** be governed by this Order, but may be governed by a separate agreement or order.

**\*\*Any use of Protected Material at trial shall be governed by the Orders of the trial judge: this ~~Stipulation and its associated~~ Protective Order does not govern the use of Protected Material at trial.**

## 4. DURATION OF PROTECTION.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATION OF PROTECTED MATERIAL/CONFIDENTIAL DOCUMENTS.

### 5.1. Exercise of Restraint and Care in Designating Material for Protection

Each Party or non-party that designates information or items for protection under this ~~Stipulation and its associated~~ **Protective** Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A

Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or impede the case development process, or to impose unnecessary expenses and burdens on other parties), **may** expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.  Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings, and regardless of whether produced in hardcopy or electronic form), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion that it is "CONFIDENTIAL." The placement of such "CONFIDENTIAL" stamp on such page(s) shall not obstruct the substance of the page's (or pages') text or content.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has

Case No. 2:18-CV-3405-DDP(KSx)
STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as "CONFIDENTIAL."  Only those portions of the testimony that are appropriately designated as "CONFIDENTIAL" for protection within the 20 days shall be covered by the provisions of this ~~Stipulation and its associated~~ Protective Order.

The court reporter must affix to each such transcript page containing Protected Material the legend "CONFIDENTIAL," as instructed by the Producing Party.

(c) <u>for information produced in some form other than documentary, and for any other tangible items (including but not limited to information produced on disc or electronic data storage device)</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant

protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying the material as "CONFIDENTIAL."

5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected (preferably, though not necessarily, within 30 days of production or disclosure of such material), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this ~~Stipulation and its associated~~ **Protective** Order for such material. If material is appropriately designated as "CONFIDENTIAL" *after* the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this ~~Stipulation and its associated~~ **Protective** Order.

5.4. <u>Alteration of Confidentiality Stamp Prohibited</u>. A Receiving Party shall not alter, edit, or modify any Protected Material so as to conceal, obscure, or remove a "CONFIDENTIAL" stamp or legend thereon; nor shall a Receiving Party take any other action so as to make it appear that Protected Material is not subject to the terms and provisions of this ~~Stipulation and its associated~~ **Protective** Order. However, nothing in this section shall be construed so as to prevent a Receiving Party from challenging a confidentiality designation subject to the provisions of section 6, *infra*.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1. <u>Timing of Challenges</u>. Any Party or non-party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>. Prior to challenging a confidentiality designation, a Challenging Party shall initiate a dispute resolution process by providing written notice

of each specific designation it is challenging, and describing the basis (and supporting authority or argument) for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the associated Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue, either in person, telephonically, or by other comparable means, but *not* by correspondence) within 14 days of the date of service of notice.

In conferring, the Challenging Party must explain the specific basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

Frivolous challenges, and those challenges made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.

6.3.  <u>Judicial Intervention</u>.  If the Parties cannot resolve a confidentiality challenge without court intervention, the Challenging Party shall file and serve a motion to remove confidentiality (under the applicable rules for filing and service of discovery motions) within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, or by the first day of trial of this matter, whichever date is earlier – unless the parties agree in writing to a longer time.

The parties must strictly comply with Central District Local Rules 37-1 ~~and 37-2~~ **et seq.** (including the joint stipulation re discovery dispute requirement) in any motion associated with this Protective Order.

Each such motion must be accompanied by a competent declaration affirming

that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party, regardless of whether the Designating Party is the moving party or whether such Party sought or opposes judicial intervention. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to oppose a motion to remove confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

6.4.    Withdrawal of "CONFIDENTIAL" Designation.  At its discretion, a Designating Party may remove Protected Material/Confidential Documents from some or all of the protections and provisions of this ~~Stipulation and its associated~~ **Protective** Order at any time by any of the following methods:

(a)    Express Written Withdrawal.  A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material /Confidential Documents from some or all of the protections of this ~~Stipulation and its associated~~ **Protective** Order by an express withdrawal in a writing signed by such Party (or such Party's Counsel, but <u>not</u> including staff of such Counsel) that specifies and itemizes the Disclosure or Discovery Material previously designated as Protected Material/Confidential Documents that shall no longer be subject to all or some of the provisions of this ~~Stipulation and~~ **Protective** Order.  Such express withdrawal shall be

effective when transmitted or served upon the Receiving Party. If a Designating Party is withdrawing Protected Material from only some of the provisions/ protections of this ~~Stipulation and~~ **Protective** Order, such Party must state which specific provisions are no longer to be enforced as to the specified material for which confidentiality protection hereunder is withdrawn: otherwise, such withdrawal shall be construed as a withdrawal of such material from all of the protections/provisions of this ~~Stipulation and~~ **Protective** Order;

(b) <u>Express Withdrawal on the Record</u>. A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of this ~~Stipulation and its associated~~ **Protective** Order by verbally consenting in court proceedings on the record to such withdrawal – provided that such withdrawal specifies the Disclosure or Discovery Material previously designated as Protected Material/ Confidential Documents that shall no longer be subject to any of the provisions of this ~~Stipulation and~~ **Protective** Order. A Designating Party is not permitted to withdraw Protected Material from only some of the protections/provisions of this ~~Stipulation and~~ **Protective** Order by this method;

(c) <u>Implicit Withdrawal by Publication or Failure to Oppose Challenge</u>. A Designating Party shall be construed to have withdrawn a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of this ~~Stipulation and~~ **Protective** Order by either (1) making such Protected Material/Confidential Records part of the public record – including but not limited to attaching such as exhibits to any filing with the court without moving, prior to such filing, for the court to seal such records; or (2) failing to timely oppose a Challenging Party's motion to remove a "CONFIDENTIAL" designation to specified Protected Material/Confidential Documents. Nothing in this ~~Stipulation and~~ **Protective** Order shall be construed so as to require any Party to file Protected Material/Confidential Documents under seal, unless expressly specified

herein.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL.**

7.1.    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case **only for preparing, prosecuting, defending, or attempting to settle this litigation** – up to and including final disposition of the above-entitled action – and not for any other purpose, including any other litigation or dispute outside the scope of this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this ~~Stipulation and its associated~~ **Protective** Order.  When the above entitled litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this ~~Stipulation and its~~ **Protective** Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of such Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by this ~~Stipulation and~~ **Protective** Order;

(c)    Experts (as defined in this ~~Stipulation and~~ **Protective** Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by this ~~Stipulation and~~ **Protective** Order;

(d)　　court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by this ~~Stipulation and~~ **Protective** Order;

(e)　　during their depositions, witnesses in the action to whom disclosure is reasonably necessary – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by this ~~Stipulation and~~ **Protective** Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must have a confidential designation affixed by the court reporter to such pages containing Protected Material and such may not be disclosed to anyone except as permitted under this ~~Stipulation and its~~ Protective Order.

(f)　　the author or custodian of a document containing the information that constitutes Protected Material, or other person who otherwise possessed or knew the information.

**(g)　　the court and its personnel.**

7.3.　　<u>Notice of Confidentiality</u>. Prior to producing or disclosing Protected Material/Confidential Documents to persons to whom this ~~Stipulation and its~~ **Protective** Order permits disclosure or production (see section 8.2, *supra*), a Receiving Party shall provide a copy of this ~~Stipulation and~~ **Protective** Order to such persons so as to put such persons on notice as to the restrictions imposed upon them herein: except that, for court reporters, Professional Vendors, and for witnesses being provided with Protected Material during a deposition, it shall be sufficient notice for Counsel for the Receiving Party to give the witness a verbal admonition (on the record, for witnesses) regarding the provisions of this ~~Stipulation and its~~ **Protective** Order and such provisions' applicability to specified Protected Material at issue.

7.4.　　<u>Reservation of Rights</u>. Nothing in this ~~Stipulation and~~ **Protective** Order shall be construed so as to require any Producing Party to designate any records or materials as "CONFIDENTIAL." Nothing in this ~~Stipulation and~~ **Protective** Order shall be construed so as to prevent the admission of Protected Material into evidence at

the trial of this action, or in any appellate proceedings for this action, solely on the basis that such Disclosure or Discovery Material has been designated as Protected Material/Confidential Documents. Notwithstanding the foregoing, nothing in this ~~Stipulation and~~ **Protective** Order shall be construed as a waiver of any privileges or of any rights to object to the use or admission into evidence of any Protected Material in any proceeding; nor shall anything herein be construed as a concession that any privileges asserted or objections made are valid or applicable. Nothing in this ~~Stipulation and~~ **Protective** Order shall be construed so as to prevent the Designating Party (or its Counsel or custodian of records) from having access to and using Protected Material designated by that Party in the manner in which such persons or entities would typically use such materials in the normal course of their duties or profession – except that the waiver of confidentiality provisions shall apply (see section 6.4(c), *supra*).

7.5. <u>Requirement to File Confidential Documents Under Seal</u>. ~~Confidential Documents may be submitted in all law and motion proceedings before the Court if done so under seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and/or United States District Court, Central District of California Local Rules 79-5.1 and 79-5.2 (as applicable) and pursuant to the provisions of this Stipulation and any associated Order. If any Receiving Party attaches any Confidential Documents to any pleading, motion, or other paper to be filed, lodged, or otherwise submitted to the Court, such Confidential Document(s) shall be filed/lodged under seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and/or United States District Court, Central District of California Local Rules 79-5.1 and 79-5.2 to the extent applicable.~~ **A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.**

However, this paragraph (¶ 7.5) shall not be construed so as to prevent a Designating Party or counsel from submitting, filing, lodging, or publishing any document it has previously designated as a Confidential Document without compliance with this paragraph's requirement to do so under seal (i.e., a producing-disclosing party or counsel may submit or publish its own Confidential Documents without being in violation of the terms of this ~~Stipulation and its~~ Protective Order).

Furthermore, a Receiving Party shall be exempted from the requirements of this paragraph as to any specifically identified Confidential Document(s) where – prior to the submission or publication of the Confidential Document(s) at issue – the Designating Party of such specifically identified Confidential Document(s) has waived/withdrawn the protections of this ~~Stipulation and its~~ **Protective** Order (pursuant to paragraph 6.4, *supra*).

~~A Receiving Party shall also be exempt from the sealing requirements of this paragraph (¶ 7.5) where the Confidential Documents/Protected Material at issue is/are~~ **not** ~~documents, records, or information regarding or incorporating:~~

~~(1) private, personal information contained in peace officer personnel files (such as social security numbers, driver's license numbers or comparable personal government identification numbers, residential addresses, compensation or pension or personal property information, credit card numbers or credit information, dates of birth, tax records and information, information related to the identity of an officer's family members or co-residents, and comparable personal information about the officer or his family);~~

~~(2) any internal affairs or comparable investigation by any law enforcement agency into alleged officer misconduct; and/or~~

~~(3) the medical records or records of psychiatric or psychological treatment of any peace officer or party to this action.~~

Nothing in this paragraph shall be construed to bind the Court or its authorized staff so as to limit or prevent the publication of any Confidential Documents to the jury

Case No. 2:18-CV-3405-DDP(KSx)

**STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

or factbinder, at the time of trial of this matter, where the Court has deemed such Confidential Documents to be admissible into evidence.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party, preferably (though not necessarily) by facsimile or electronic mail.  Such notification shall include a copy of the subpoena or court order at issue;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this ~~Stipulation and its~~ Protective Order.  Such notification shall include a copy of this ~~Stipulation and its~~ Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by all sides in any such situation, while adhering to the terms of this ~~Stipulation and its~~ **Protective** Order.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

The purpose of this section is to ensure that the affected Party has a meaningful opportunity to preserve its confidentiality interests in the court from which the subpoena or court order issued.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

9.1. Unauthorized Disclosure of Protected Material.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this ~~Stipulation and~~ **Protective** Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this **Protective** Order; and

(d) request such person or persons consent to be bound by the ~~Stipulation and~~ **Protective** Order.

9.2. Inadvertent Production of Privileged or Otherwise Protected Material.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in **this Protective Order, subject to Court approval** ~~the stipulated protective order submitted to the court~~.

**10. PUBLICATION OF PROTECTED MATERIAL PROHIBITED.**

10.1. Filing of Protected Material.

Without advance written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the applicable Federal and Local

**STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

1  Rules.

2         10.2. <u>Public Dissemination of Protected Material</u>.

3      A Receiving Party shall not publish, release, post, or disseminate Protected

4  Material to any persons except those specifically delineated and authorized by this

5  ~~Stipulation and its~~ **Protective** Order (see section 7, *supra*); nor shall a Receiving Party

6  publish, release, leak, post, or disseminate Protected Material/Confidential Documents

7  to any news media, member of the press, website, or public forum (except as permitted

8  under section 7.5 regarding filings with the court in this action and under seal).

9  **11.**    <u>**FINAL DISPOSITION.**</u>

10      Unless otherwise ordered or agreed in writing by the Producing Party, within

11  thirty (30) days after the final termination of this action (defined as the dismissal or

12  entry of judgment by the above named court, or if an appeal is filed, the disposition of

13  the appeal), upon written request by the Producing Party, each Receiving Party must

14  return all Protected Material to the Producing Party – whether retained by the Receiving

15  Party or its Counsel, Experts, Professional Vendors, agents, or any non-party to whom

16  the Receiving Party produced or shared such records or information. As used in this

17  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

18  summaries or any other form of reproducing or capturing any of the Protected Material,

19  regardless of the medium (hardcopy, electronic, or otherwise) in which such Protected

20  Material is stored or retained.

21      In the alternative, at the discretion of the Receiving Party, the Receiving Party

22  may destroy some or all of the Protected Material instead of returning it – unless such

23  Protected Material is an original, in which case, the Receiving Party must obtain the

24  Producing Party's written consent before destroying such original Protected Material.

25      Whether the Protected Material is returned or destroyed, the Receiving Party

26  must submit a written certification to the Producing Party (and, if not the same person

27  or entity, to the Designating Party) within thirty (30) days of the aforementioned

28  written request by the Designating Party that specifically identifies (by category, where

appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected material (in any medium, including but not limited to any hardcopy, electronic or digital copy, or otherwise).

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda filed with the court in this action, as well as any correspondence or attorney work product prepared by Counsel for the Receiving Party, even if such materials contain Protected Material; however, any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above. This court shall retain jurisdiction in the event that a Designating Party elects to seek court sanctions for violation of this ~~Stipulation and its~~ **Protective** Order.

**12.    MISCELLANEOUS.**

12.1.   <u>Right to Further Relief</u>.   Nothing in this ~~Stipulation and its~~ **Protective** Order abridges the right of any person to seek its modification by the Court in the future.

12.2.   <u>Right to Assert Other Objections</u>.   By stipulating to the entry of ~~a~~ **this** Protective Order ~~pursuant to this Stipulation~~, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this ~~Stipulation and its~~ **Protective** Order.   Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this ~~Stipulation and its~~ Protective Order.

//
//
//
//
//

12.3.   This Stipulation may be signed in counterpart and a facsimile or electronic signature shall be as valid as an original signature.

**IT IS SO STIPULATED.**

DATED:  November 26, 2018          **MANNING & KASS**
                                   **ELLROD, RAMIREZ, TRESTER LLP**


By:    /s/ Lynn L. Carpenter
       Eugene P. Ramirez
       Lynn L. Carpenter
       Attorneys for Defendant, OFFICER
       STEPHANIE JOHNIGAN


DATED:  November 26, 2018          **OFFICE OF CITY ATTORNEY OF LOS**
                                   **ANGELES**


By:    /s/ Surekha A. Shepherd
       Surekha A. Shepherd
       Attorney for Defendants,
       CITY OF LOS ANGELES, and
       OFFICERS VERONICA PADILLA,
       ANTONIO RAMIREZ, LIDIA LEON,
       GLORIA VELEZ, and JUAN
       GONZALEZ

DATED: November 26, 2018          **LIPELES LAW GROUP, APC**


                                  By:    /s/ Andrew T. Magaline
                                        Kevin A. Lipeles
                                        Thomas H. Schelly
                                        Andrew T. Magaline
                                        Attorneys for Plaintiff,
                                        DANIEL TURNER


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.



DATED: November 28, 2018


_____
Hon. Karen L. Stevenson
United States Magistrate Judge